

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | |
|---|---|
| YOLANDA SALDIVAR,<br>TDCJ # 733126,<br>    Petitioner,<br><br>VS.<br><br>RICK THALER, Director,<br>Texas Department of<br>Criminal Justice,<br>Institutional Division,<br>    Respondent. | §§§§§§§§§§§§ CIVIL ACTION NO. W-11-CA-058 |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE WALTER S. SMITH, JR.
      UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. BACKGROUND AND STATEMENT OF THE CASE**

Petitioner filed this action pursuant to Title 28 U.S.C., section 2254. She has paid the requisite filing fee and appears before the court pro se. Petitioner is currently in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ-CID") at the Mountain View Unit in Gatesville, Texas.

On October 26, 1995, Petitioner Saldivar was convicted of first degree murder in the 228th District Court of Harris County, Texas and sentenced to life imprisonment. Pet. at 2. In the instant action, however, Petitioner does not challenge her holding conviction. Rather, Petitioner challenges a prison disciplinary conviction (disciplinary case number 20100228844) she received while incarcerated. Pet. at 5. On April 25, 2010, a prison disciplinary hearing officer found the petitioner guilty of a disciplinary violation and imposed punishment of fifteen days without recreation, thirty days without commissary privileges, and thirty days of property restriction. Pet. at 5. The petition affirms that the disciplinary action did not result in any loss of previously earned good-time credit. Pet. at 5.

Petitioner then challenged the disciplinary hearing decision through the prison grievance process. Petitioner submitted both step-one and step-two grievances, both of which were denied. Pet. at 5. Petitioner then filed this action on March 7, 2010, raising the following claims in her federal habeas corpus action: (1) "prison officials violated Petitioner's due process rights in a disciplinary action;" (2) "prison officials violated a protected property right in a disciplinary action;" and (3) "prison officials violated an Eighth Amendment prohibition in a disciplinary action." Pet. at 7.

## II. DISCUSSION

**De minimis punishment**

The Supreme Court has held:

> [W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from

> restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Precess Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citations omitted). "These interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Thus, punishments such as verbal reprimands, commissary restriction, cell restriction, property restriction, time-earning-class reductions, or solitary confinement of up to fifteen days do not rise to the level of a constitutional violation. *Hailey v. Savers*, 240 F. App'x 670, 672 (5th Cir. 2007). In the present case, the petitioner bases her constitutional challenge on a claim of improper restrictions imposed on recreational, commissary, and property privileges. Pet. at 5, 7. By their nature, these punishments fail to constitute a dramatic departure from the basic conditions of prison confinement and do not rise to the level of a constitutional violation. *Sandin*, 515 U.S. at 478. Because this disciplinary action does not implicate a federally protected due process interest, Petitioner fails to state a legally cognizable claim.

### III. RECOMMENDATION

After having carefully reviewed the pleadings, it is the recommendation of the undersigned that the instant petition be **DENIED.**

The parties may wish to file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general

objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc). To the extent that a party has not been electronically served by the Clerk with this Report and Recommendation pursuant to the CM/ECF procedures of this district, the Clerk is directed to send such party a copy of this Report and Recommendation by a national overnight delivery service having confirmation of pickup and delivery.

SIGNED this 17th day of February, 2012.

JEFFREY C. MANSKE,
UNITED STATES MAGISTRATE JUDGE